Randy J. Harvey, OSB #116714
Email: randy@elpnw.com
Patrick G. Conroy, OSB #223806
Email: patrick@elpnw.com
Luke A. Dahlin, OSB #233064
Email: luke@elpnw.com
**EMPLOYMENT LAW PROFESSIONALS NORTHWEST LLC**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
Telephone: 503-822-5340
Facsimile: 503-433-1404

*Of Attorneys for Plaintiff Tanya Cokeley*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **TANYA R. COKELEY**, an individual,<br><br>         Plaintiff,<br>   v.<br><br>**PEACE HEALTH** a foreign corporation,<br><br>         Defendant. | Case No. 6:24-cv-00638<br><br>**COMPLAINT**<br><br>**42 U.S.C.S. § 12101 et seq Discrimination based on disability; ORS 659A.112 Oregon ADA, ORS 659A.060 Sex Discrimination**<br><br> **Claim for Relief: $300,000**<br><br>**DEMAND FOR JURY TRIAL** |

For her complaint, Plaintiff Tanya R. Cokeley ("COKELEY" or "Plaintiff"), by and through her attorneys, does hereby state and allege as follows:

///

PAGE 1 – COMPLAINT

**EMPLOYMENT LAW PROFESSIONALS** NW, LLC
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

## I.    INTRODUCTION

1.

Plaintiff brings this discrimination suit under the Americans with Disabilities Act 42 U.S.C.S. § 12101 *et seq* against PeaceHealth ("Defendant" or "PeaceHealth"). Plaintiff seeks economic and noneconomic damages, compensatory damages, and attorneys' fees and demands a jury trial as follows.

## II.   JURISDICTION AND VENUE

2.

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the underlying claims are an issue of federal law. Additionally, this Court may exercise supplemental jurisdiction over Plaintiff's state claims under 28 U.S.C. § 1367 because all facts giving rise to Plaintiff's claims arise out of a common nucleus of operative facts and are so related to form the same case or controversy. Plaintiff is initiating this complaint based on a "Right To Sue" letter issued by the Equal Employment Opportunity Commission (EEOC).

3.

Venue is proper in this district under 28 U.S.C. § 1391(b) and Local Rule 3-2 because all or a substantial part of the events or omissions giving rise to the claims occurred in this district and division.

## III.  THE PARTIES

4.

At all material times herein, Plaintiff is and was a citizen of the United States, residing in Springfield Oregon. Plaintiff is a person who qualifies for the protections and privileges under the American's with Disabilities Act (ADA). Plaintiff has a record of a disability affecting major life activities. Plaintiff's disability does not interfere with the essential functions of her job. At all material times herein, Defendant employed Plaintiff.

PAGE 2 – COMPLAINT

**EMPLOYMENT LAW PROFESSIONALS** NW, LLC
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

5.

At all material times herein, Defendant is and was a State of Washington corporation with its principal place of business in the State of Washington. Defendant conducts business for public benefit in Oregon involving healthcare. Defendant employs more than 25 employees in Oregon. Defendant is a qualifying employer under the ADA and under Oregon ADA. Defendant employees were acting on behalf of Defendant as Plaintiff's employer at all material times.

IV.   FACTUAL ALLEGATIONS

6.

Plaintiff incorporates the preceding paragraphs of this complaint by reference. All allegations made herein are made upon information and belief, based on reasonable investigation and personal knowledge. All dates herein are to be construed as "in or around" or "on and around."

7.

COKELEY was employed by Defendant in 2015 in various positions, ultimately attaining her highest position as a Charge Nurse. Defendant was aware of one or more of the following particulars:

a. COKELEY received stellar performance reviews throughout her time employed with Defendant.

b. COKELEY received her most recent positive performance review during the review period leading up to her leave.

c. Defendant was aware of COKELEY's disability after discussing COKELEY's accommodations requests throughout her employment with Defendant.

d. Before taking her leave in 2022, Plaintiff was fully able to perform the essential functions of her job.

//

//

PAGE 3 – COMPLAINT

EMPLOYMENT LAW PROFESSIONALS NW, LLC
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

8.

On May 6, 2022, COKELEY went out on medical leave. Her return to work date was scheduled for July 2, 2022. Plaintiff requested an extension until August 6, 2022, because she needed time to get medically evaluated and assessed for reasonable accommodation before returning to work. During her leave, COKELEY was being treated for her disability, which included a new therapy treatment.

9.

On July 9, 2022, employee of PeaceHealth, Megan Schultz ("Schultz") reached out to COKELEY to let her know her protected leave had expired on July 4, 2022.

a. COKELEY worked with her provider to have her paperwork completed so that she could return to work.

b. COKELEY was told PeaceHealth Human Resources Partner Jeffrey Graham ("Graham") required her to have ADA disability accommodation request forms filled out before she would be allowed to return to work.

c. COKELEY was coordinating disability leave with PeaceHealth's disability insurance, UNUM.

10.

On July 20, 2022, UNUM contacted COKELEY to get documents for her to take approved short-term disability leave. The next day, July 21, 2022, UNUM contacted COKELEY and informed her she was approved for leave through August 18, 2022.

11.

On July 27, 2022, COKELEY met with her medical provider, and worked with physician's assistant Amanda O'Hala ("O'Hala"), to complete COKELEY's ADA paperwork that Jeffrey Graham had required for COKELEY to return to work. O'Hala mistakenly sent the

PAGE 4 – COMPLAINT

EMPLOYMENT LAW PROFESSIONALS NW, LLC
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

paperwork to the wrong provider which delayed PeaceHealth formally receiving COKELEY's accommodations.

12.

On July 28, 2022, Megan Schultz informed COKELEY that one of her certifications needed to be renewed before COKELEY's return to work, which was scheduled for August 6, 2022. On August 3, 2022, COKELEY attended the certification course and paid out of pocket for the expense of taking the course.

13.

On August 6, 2022, COKELEY presented documentation from her medical provider stating she was able emotionally, mentally, and physically able to perform the essential functions of her job. Graham delayed COKELEY's return by insisting she could not be returned to work until he reviewed her paperwork from her with ADA accommodations.

14.

On August 12, 2022, Schultz told COKELEY that Graham had still not received COKELEY's ADA paperwork and that COKELEY's position was being approved to post for other charge nurse applicants.

15.

On August 19, 2022, COKELEY met with Graham and Human Resources Partner Andrea Enright ("Enright") who immediately denied the accommodation request from COKELEY's medical provider.

    a.    After reviewing COKELEY's documented disability from O'Hala's notes, Graham and Enright (who are not physicians) told COKELEY her impairments restricted her ability to do her job.

    b.    Graham and Enright did not review the requested accommodations.

PAGE 5 – COMPLAINT

EMPLOYMENT LAW PROFESSIONALS NW, LLC
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

  c. Graham picked apart each phrase and sentence written by O'Hala, applying unreasonable meanings to the wording, and using those interpretations to deny the accommodations.

  d. COKELEY attempted multiple times to refer Graham to the appropriate form.

  e. Graham made multiple derogatory statements regarding COKELEY's disability, namely that Graham perceived COKELEY to be mentally unstable for her charge nurse position.

  f. COKELEY was pressured to return to her medical provider so O'Hala would be able to submit her forms again, using the precise phrasing Graham requested.

16.

Graham and Enright delayed COKELEY's return to work by requesting COKELEY meet with O'Hala again to reword and then resubmit her ADA accommodations. COKELEY was told PeaceHealth had posted COKELEY's position but would not fill it until COKELEY fixed her paperwork.

17.

On August 23, 2022, O'Hala reworded COKELEY's paperwork to reflect COKELEY's accommodations in a way that Graham requested. COKELEY's accommodations were:

  a. To have her wear a PAPR instead of an N-95, and if an N-95 is required for her to use, she only uses an N-95 for 30-minute intervals and 5-minute breaks after wearing the mask for 30 minutes.

  b. Her second accommodation was an allowance for 5-minute breaks after experiencing an extremely high-stress situation.

//
//

18.

The accommodations listed for COKELEY were free and reasonable because nondisabled nurses were utilizing these practices. Finally, O'Hala wrote in COKELEY's paperwork that COKELEY was cleared to return to work.

19.

On August 23, 2022, COKELEY emailed the accommodations paperwork to Graham at 5:48 pm.

a. On August 26, 2022, Graham and Enright verbally denied Cokeley's request for accommodations.

b. COKELEY's accommodations were free and reasonable because other nursing staff were able to use PAPR on the floor, but COKELEY was denied the use of one.

c. COKELEY was fully capable and able to return to work in her position.

d. Graham's denial failed to state any undue hardship as a basis for his denial of accommodations.

20.

On August 26, 2022, COKELEY was told that her position was already filled, and she no longer held the position she vacated while on leave.

a. PeaceHealth did not hold the position until COKELEY's paperwork was approved as Graham had agreed to do.

b. PeaceHealth did not follow its own policy, including conducting a panel interview, to hire another nurse for COKELEY's position.

c. COKELEY's charge nurse position was filled by a floor nurse, which created a staffing deficit for the remaining floor nurses.

//

PAGE 7 – COMPLAINT

**EMPLOYMENT LAW PROFESSIONALS** NW, LLC
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

21.

After being denied reinstatement to her position, COKELEY was then told to apply to other positions.

    a.    COKELEY applied to three other positions within PeaceHealth but was not offered any job.

    b.    Graham told COKELEY she was a threat to staff and patients because of COKELEY's documented disability.

    c.    Graham told COKELEY PeaceHealth needed to wait a month to determine if COKELEY's treatment was successful, ignoring COKELEY's documentation from her medical provider.

    d.    Each time COKELEY applied to another position in PeaceHealth, her application was treated as a new hire, and not as a current employee.

22.

In September 2022, COKELEY learned of an incident and conversation that purportedly happened in May 2022, just before COKELEY went on leave.

    a.    In May 2022, COKELEY had followed the chain of command to report a staffing shortage when the floor was not properly staffed to accommodate a discharge from the ICU.

    b.    This discharge could have been life-threatening to a patient and would have caused an unsafe working environment for PeaceHealth staff. PeaceHealth Director of Medical Service Line Molly Persby ("Persby") told another Registered Nurse, Jennifer Fain ("Fain"), that COKELEY would never return to work because COKELEY "went over my head [to report on patient safety issues] no one does that to me [Persby]."

    c.    COKELEY heard about this conversation in August 2022 and reported it to Andrea Enright.

    d.    Two weeks passed, and Enright did not respond, so COKELEY called the compliance hotline to make a complaint.

    e.    On information and belief Persby retaliated against COKELEY for opposing unsafe working conditions.

23.

In October 2022 Enright and Megan Schultz ("Schultz") were discussing COKELEY and her appeal of her termination through her Union.

    a.    During the grievance process, Schultz admitted to COKELEY that hiring policy and practices were not followed when filling COKELEY's position.

    b.    Schultz further did not know of a reason as to why COKELEY's accommodations were denied.

    c.    During the grievance process, PeaceHealth admitted in writing that they did not know of a reason as to why COKELEY's accommodations were previously denied and that PeaceHealth did not possess documentation to support the earlier decisions to deny her accommodation requests.

24.

On January 4, 2023, COKELEY filed a complaint with the Equal Employment Opportunity Commission (EEOC). On January 16, 2024, COKELEY was issued a Right to Sue letter from the EEOC.

///

///

PAGE 9 – COMPLAINT

**EMPLOYMENT LAW PROFESSIONALS** NW, LLC
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

## V.    CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### DISCRIMINATION UNDER ADA-BASED DISABILITY
### 42 U.S.C.S. § 12101 et seq.

25.

COKELEY includes by reference all preceding paragraphs as if fully set forth herein.

26.

At all times COKELEY was a disabled person under the Americans with Disabilities Act (ADA). Defendant discriminated against COKELEY by failing to accommodate COKELEY's disability, commenting on her condition in a derogatory way, and not rehiring COKELEY because of her disability. At all material times, COKELEY was able to return to work with reasonable accommodation.

27.

Defendant's stated reason for not rehiring COKELEY was discriminatory because Graham told COKELEY he did not think she could handle the stress of the job. This comment discriminated against COKELEY'S disability because she suffered from anxiety and PTSD. Graham was not qualified to make such as statement and was saying that the reason COKELEY was not being rehired was based on her disability. This discriminated against COKELEY and was a false assertion because COKELEY was able to perform the essential functions of the job and had positive reviews of her performance in the time frame leading into her leave.

28.

COKELEY suffered an adverse employment action because of her disability by not being returned to her position or a similar position at PeaceHealth.

///

///

///

PAGE 10 – COMPLAINT

EMPLOYMENT LAW PROFESSIONALS NW, LLC
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

29.

COKELEY is entitled to compensatory damages, emotional distress damages, loss to reputation damages, reasonable attorney fees, and costs incurred herein, to be proven at trial pursuant to 42 U.S.C. 2000e-5, 42 U.S.C. 1981a, and 42 U.S.C. 12205. Plaintiff may seek punitive damages in an amount to be awarded at trial.

**SECOND CLAIM FOR RELIEF**
**ORS 659A.199**
**RETALIATION BASED ON PROTECTED ACTIVITY**

30.

COKELEY includes by reference all preceding paragraphs as if fully set forth herein.

31.

COKELEY reasonably believed allowing the discharge of the ICU patient in May 2022 would be detrimental to patient safety and create an unsafe working environment.

32.

COKELEY's reporting of the floor staffing up the chain of command was a protected activity because COKELEY was ensuring PeaceHealth patients and staff were safe, thus following applicable rules and regulations. Defendant retaliated against COKELEY for this protected activity, as evidenced by Persby's comment to Fain, and the adverse action taken against COKELEY in not returning her to the charge nurse position.

33.

As a result of Defendant's conduct, COKELEY has suffered economic damage and non-economic damage in the form of emotional distress damages.

34.

EMPLOYMENT LAW PROFESSIONALS NW, LLC
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

Pursuant to ORS 659A.885, COKELEY is entitled to compensatory damages, emotional distress damages, loss to reputation damages, reasonable attorney fees, and costs incurred herein, to be proven at trial. Plaintiff may seek punitive damages in an amount to be awarded at trial.

### THIRD CLAIM FOR RELIEF
### ORS 659A.112
### Discrimination based on Oregon ADA

35.

COKELEY includes by reference all preceding paragraphs as if fully set forth herein.

36.

PeaceHealth discriminated against COKELEY by refusing to employ COKELEY, by not granting COKELEY's reasonable accommodations, and by denying COKELEY employment opportunities based on the need for PeaceHealth to make reasonable accommodations to COKELEY.

37.

COKELEY suffered an adverse employment decision based on her disability because she was not returned to her position, or any similar position.

38.

Pursuant to ORS 659A.885, COKELEY is entitled to compensatory damages, emotional distress damages, loss to reputation damages, reasonable attorney fees, and costs incurred herein, to be proven at trial. Plaintiff may seek punitive damages in an amount to be awarded at trial.

VI.   **PRAYER**

**WHEREFORE**, Plaintiff prays for judgment in her favor, and against Defendant, awarding Plaintiff economic damages and non-economic damages, and punitive damages as

PAGE 12 – COMPLAINT

**EMPLOYMENT LAW PROFESSIONALS** NW, LLC
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

determined at trial, but not less than $300,000.00, together with Plaintiff's costs, disbursements, attorney fees, and expert witness fees under 42 U.S.C. § 12205 et seq. and ORS 659A.885, and for such other relief the Court deems equitable and just.

Plaintiff hereby demands trial by jury on all issues so triable.

**DATED** this 12 day of April 2024.

                                                  Respectfully submitted,

                                                  **EMPLOYMENT LAW PROFESSIONALS NORTHWEST LLC**

By:   */s/ Luke A. Dahlin*
       Randy J. Harvey, OSB #116714
       Email: randy@elpnw.com
       Patrick G. Conroy, OSB #223806
       Email: patrick@elpnw.com
       Luke A. Dahlin, OSB #233064
       Email: luke@elpnw.com
       **EMPLOYMENT LAW PROFESSIONALS NORTHWEST LLC**
       20015 SW Pacific Hwy., Suite 221
       Sherwood, Oregon 97140
       Telephone: 503-822-5340
       Facsimile: 503-433-1404
       *Of Attorneys for Plaintiff Tanya Cokeley*